# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Kevin Walker,** | **Civil No. 06-1653 (JMR-JJG)** |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **R.L. Morrison,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on Kevin Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Walker (Walker) claims the Bureau of Prisons (BOP) has not properly considered his request for placement in a halfway house. The dispute is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Walker is incarcerated at the federal prison in Duluth. He alleges that he requested early placement at a halfway house, and that prison officials categorically denied this request under 28 C.F.R. § 570.21. Walker argues that this regulation violates the directions set out in 18 U.S.C. § 3621(b). Thus he asks that prison officials be required to reconsider his request for placement at a halfway house, applying the directions set out in the statute and disregarding the regulation.

After frequent litigation of this issue in federal district courts, the Eighth Circuit considered whether the regulation violated the statute in *Fults v. Sanders*. 442 F.3d 1088 (8th Cir. 2006). The court concluded that, because the regulation did not appropriately exercise the discretionary criteria set out in the statute, the regulation was invalid. *Id.* at 1092.

In response to this decision, which issued after Walker filed his petition, the BOP has conceded that its regulations are invalid. It has agreed to reconsider the request for placement in a halfway house, in accordance with a policy that was used prior to the promulgation of the regulation. Because of this action, the BOP has effectively granted Walker the relief he seeks in his petition, and so the petition may be appropriately denied as moot.

Because the BOP conceded that its regulations were invalid, Walker now argues that BOP will nevertheless continue to violate 18 U.S.C. § 3621(b). He offers no allegations in support of this new accusation, which was not raised in his original petition. So it is not appropriate for the Court to further examine the issue here. *See Branch v. Minnesota*, 141 F.3d 1239, 1240 (8th Cir. 1997).

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT.**

Dated this 6th day of February, 2007.                    s/Jeanne J. Graham

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by February 27, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.